KEKER, VAN NEST & PETERS LLP
R. JAMES SLAUGHTER - # 192813
rslaughter@keker.com
ERIN E. MEYER - # 274244
emeyer@keker.com
IAN A. KANIG - # 295523
ikanig@keker.com

633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

Attorneys for Defendant LYFT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| D. NORTON,<br><br>      Plaintiff,<br><br>   v.<br><br>LYFT, INC.,<br><br>      Defendant. | Case No. 3:19-cv-02025-VC<br><br>**DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      September 12, 2019<br>Time:    10:00 a.m.<br>Dept.:    Courtroom 4 – 17th Floor<br>Judge:   Hon. Vince Chhabria<br><br>Date Filed: April 15, 2019<br><br>Trial Date: None Set |

DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No. 3:19-cv-02025-VC

1332129

**TABLE OF CONTENTS**

**Page**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF ISSUES TO BE DECIDED | 2 |
| III. | RELEVANT FACTS | 2 |
| IV. | LEGAL STANDARD | 3 |
| V. | ARGUMENT | 3 |
| | A. Norton's wage claims fail: he does not allege a precise theory of "work" in his amended complaint, or any other specific facts sufficient to show plausibility | 3 |
| | B. This Court should decline to exercise supplemental jurisdiction over Norton's state law claims if it dismisses his FLSA claim. | 7 |
| | C. If the Court chooses to exercise jurisdiction, it should dismiss Norton's state law causes of action for failure to state a claim. | 8 |
| |    1. The minimum wage and overtime wage claims fail. | 8 |
| |    2. The expense reimbursement claim fails. | 9 |
| |    3. The wage statement claim fails. | 9 |
| |    4. Norton's UCL claim is derivative of his FLSA and Labor Code claims and must be dismissed with them. | 11 |
| VI. | CONCLUSION | 12 |

i
DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT
Case No. 3:19-cv-02025-VC

1332129

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Alabsi v. Savoya, LLC*,
   18-CV-06510-KAW, 2019 WL 1332191 (N.D. Cal. Mar. 25, 2019)..........................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...........................................................................................................3

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1990) .............................................................................................3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...........................................................................................................3

*Boyd v. Bank of Am. Corp.*,
   109 F. Supp. 3d 1273 (C.D. Cal. 2015) ...........................................................................10

*Carnegie-Mellon Univ. v. Cohill*,
   484 U.S. 343 (1988)...........................................................................................................7

*Carter v. Rasier-CA, LLC*,
   No. 17-cv-00003-HSG, 2017 WL 4098858 (N.D. Cal. Sept. 15, 2017), *aff'd*,
   724 F. App'x 586 (9th Cir. 2018) ...................................................................................1, 6

*Del Rio v. Uber Techs., Inc.*,
   No. 15-cv-03667-EMC, 2016 WL 10837864 (N.D. Cal. Mar. 28, 2016) .................................1

*In re Gilead Scis. Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) ...........................................................................................3

*Harris v. Vector Mktg. Corp.*,
   656 F. Supp. 2d 1128 (N.D. Cal. 2009) ...........................................................................10

*Heck v. Heavenly Couture, Inc.*,
   No. 3:17-CV-0168-CAB-NLS, 2017 WL 2620686 (S.D. Cal. June 16, 2017) .........................8

*Landers v. Quality Communications, Inc.*,
   771 F.3d 638 (9th Cir. 2014) ..................................................................................... *passim*

*Lawson v. Grubhub, Inc.*,
   302 F. Supp. 3d 1071 (N.D. Cal. 2018) ......................................................................10, 11

*Levert v. Trump Ruffin Tower I, LLC*,
   No. 2:14-cv-01009-RCJ-CWH, 2015 WL 133792 (D. Nev. Jan. 9, 2015) ..............................8

ii
DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT
Case No. 3:19-cv-02025-VC

1332129

*Mine Workers v. Gibbs*,
    383 U.S. 715 (1966) ............................................................................................................7

*Pedroza v. PetSmart, Inc.*,
    No. ED CV 11-298 GHK DTB, 2012 WL 9506073 (C.D. Cal. June 14, 2012) ......................10

*Portillo v. Sarneveslit*,
    No. C08-00190 HRL, 2009 WL 10692059 (N.D. Cal. Feb. 11, 2009) ....................................8

*Raphael v. Tesoro Ref. & Mktg. Co. LLC*,
    No. 15-cv-02862-ODW, 2015 WL 4127905 (C.D. Cal. July 8, 2015) ....................................4

*Razak v. Uber Techs., Inc.*,
    No. CV 16-573, 2018 WL 1744467 (E.D. Pa. Apr. 11, 2018) ........................................10, 11

*Reber v. AIMCO*,
    No. SA CV07–0607 DOC, 2008 WL 4384147 (C.D. Cal. Aug. 25, 2008) .............................10

*Rice v. Fox Broad. Co.*,
    330 F.3d 1170 (9th Cir. 2003) ..............................................................................................11

*Romano v. SCI Direct, Inc.*,
    No. 2:17-cv-03537-ODW(JEM), 2017 WL 8292778 (C.D. Cal. Nov. 27,
    2017) ................................................................................................................................4, 8

*Sanford v. MemberWorks, Inc.*,
    625 F.3d 550 (9th Cir. 2010) ..................................................................................................7

*Syed v. M-I LLC*,
    No. Civ. 1:14-742 WBS, 2014 WL 4344746 (E.D. Cal. Aug. 28, 2014) .................................8

*Tan v. GrubHub, Inc.*,
    171 F. Supp. 3d 998 (N.D. Cal. 2016) ............................................................................ *passim*

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ..............................................................................................11

*Whitson v. Lyft, Inc.*,
    No. 3:18-cv-06539-VC, Dkt. No. 40 (N.D. Cal. Mar. 5, 2019) ..........................................1, 6

*Woods v. Vector Mktg. Corp.*,
    No. C-14-0264-EMC, 2015 WL 2453202 (N.D. Cal. May 22, 2015) (Chen, J.) ......................9

*Yucesoy v. Uber Techs., Inc.*,
    No. 15-cv-00262-EMC, 2015 WL 6955140 (N.D. Cal. Nov. 10, 2015) ..........................1, 6, 7

*Yucesoy v. Uber Techs., Inc.*,
    No. 15-CV-00262-EMC, 2016 WL 493189 (N.D. Cal. Feb. 9, 2016) ..............................1, 5, 6

iii
DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT
Case No. 3:19-cv-02025-VC

1332129

**State Cases**

*Amaral v. Cintas Corp. No. 2,*
    163 Cal. App. 4th 1157 (2008) ....................................................................................... 10, 11

*Diaz v. Grill Concepts Servs., Inc.,*
    23 Cal. App. 5th 859 (2018) ................................................................................................ 10

*Dynamex Operations West v. Super. Ct.,*
    4 Cal. 5th 903 (2018) ........................................................................................................... 11

*Garcia v. Border Transp. Grp., LLC,*
    28 Cal. App. 5th 558 (2018) ................................................................................................ 11

*S. G. Borello & Sons, Inc. v. Dep't of Indus. Relations,*
    48 Cal. 3d 341 (1989) .................................................................................................... 10, 11

**Federal Statutes**

28 U.S.C. § 1331 ............................................................................................................................ 8

28 U.S.C. § 1367 ............................................................................................................................ 7

Fair Labor Standards Act, 29 U.S.C. §§ 206-207 ................................................................ *passim*

**State Statutes**

Cal. Bus. & Prof. Code § 17200 ........................................................................................ 3, 8, 11

Cal. Labor Code § 226 ..................................................................................................... 9, 10, 11

**Rules**

Fed. R. Civ. P. 8 .............................................................................................................................. 1

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 1, 3

**Regulations**

Cal. Code Regs. Title 8 § 13520 ................................................................................................... 9

iv
DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT
Case No. 3:19-cv-02025-VC

1332129

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that at the time and place set forth above, or as soon thereafter as the matter may be heard, Defendant Lyft, Inc. ("Lyft") will move the Court for an order dismissing Plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The grounds for this motion are that Plaintiff's claims (1) fail to state a claim upon which relief can be granted; and/or (2) should be dismissed in an appropriate exercise of the Court's discretion.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support of the Motion to Dismiss, all pleadings and papers on file in this action, and upon such further oral and written argument and evidence as may be presented at or prior to the hearing of this matter.

Dated: July 22, 2019                                        KEKER, VAN NEST & PETERS LLP

                                                By:  /s/ R. James Slaughter
                                                     R. JAMES SLAUGHTER
                                                     ERIN E. MEYER
                                                     IAN ASHER KANIG

                                                     Attorneys for Defendant LYFT, INC.

1
DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT
Case No. 3:19-cv-02025-VC

1332129

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**[1]

Plaintiff David Norton does not articulate a theory or facts to support his only federal claim for unpaid overtime and minimum wages under the Fair Labor Standards Act ("FLSA"), and his claim should be dismissed. *See Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014). Despite his attempt to cure the complaint's deficiencies, Norton still fails to define what qualifies as "work"—*i.e.*, merely logging into the Lyft application or actually driving on it—and to allege specific facts, including an hourly rate of pay, that would allow the Court and Lyft to understand his claim for unpaid wages. As this Court, and at least four other courts in this district have agreed, a plaintiff driver raising a FLSA wage claim must at least allege these elements, which *Landers* identifies as necessary and sufficient to state a wage claim.[2]

Once the Court dismisses Norton's FLSA claim, it should dispose of this action in its entirety. It can do so by declining to exercise supplemental jurisdiction over Norton's remaining state law claims, or alternatively, by rejecting those claims under Federal Rules of Civil Procedure 8 and 12(b)(6). Either way, Norton's facially deficient amended complaint cannot advance beyond the pleading stage.

---

[1] Concurrently with the filing of this motion to dismiss, Lyft has filed its renewed motion to compel arbitration of Norton's claims. If the Court grants Lyft's motion to compel arbitration, it need not reach the merits of this motion to dismiss. Throughout this motion, unless otherwise stated, emphases were added to quotations, and internal punctuation, alterations, and citations were omitted from them.

[2] *See Whitson v. Lyft, Inc.*, No. 3:18-cv-06539-VC, Dkt. No. 40 (N.D. Cal. Mar. 5, 2019); *Yucesoy v. Uber Techs., Inc.*, No. 15-cv-00262-EMC, 2015 WL 6955140 (N.D. Cal. Nov. 10, 2015); *Yucesoy v. Uber Techs., Inc.*, No. 15-CV-00262-EMC, 2016 WL 493189 (N.D. Cal. Feb. 9, 2016); *Del Rio v. Uber Techs., Inc.*, No. 15-cv-03667-EMC, 2016 WL 10837864 (N.D. Cal. Mar. 28, 2016); *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998 (N.D. Cal. 2016); *Carter v. Rasier-CA, LLC*, No. 17-cv-00003-HSG, 2017 WL 4098858, (N.D. Cal. Sept. 15, 2017), *aff'd*, 724 F. App'x 586 (9th Cir. 2018).

1
DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No. 3:19-cv-02025-VC

1332129

## II. STATEMENT OF ISSUES TO BE DECIDED

This motion raises the following issues: (1) whether a plaintiff can state a plausible FLSA claim for unpaid wages where he fails to allege in the complaint a precise theory of "work" (including why Lyft should pay him for time that he wasn't transporting Lyft passengers), or any other specific facts that would permit the Court to find plausibility; (2) whether a federal court should retain jurisdiction over state law claims that are not otherwise subject to its original jurisdiction; and (3) whether California Labor Code claims can succeed when no specific factual allegations support them.

## III. RELEVANT FACTS

In 2012, Lyft created a smartphone application (the "Lyft platform") that connects people seeking rides with drivers who provide them. Norton alleges that he began using the Lyft platform as a driver in the Los Angeles area from approximately January 2016 to the present. Dkt. No. 26 ("FAC") ¶ 7. Norton claims that he "drove for Lyft Monday through Friday from around 4:30 am to around 2:30 pm each day, approximately 50 hours per week." *Id.* Norton "estimates that he drives approximately 500 miles a week for Lyft's benefit." Plaintiff, to the best of his recollection, alleges that he drove more than "forty hours per week without overtime compensation during the weeks beginning May 7, 14, 21, and 28 of 2018." *Id.* Plaintiff claims that "precise hours, pay, and revenue generated for Lyft are available by reference to Lyft's records." *Id.*

Norton alleges that "although Lyft suffers or permits Plaintiff to log on to the Lyft App and make himself available to pick up rides, Lyft fails to pay him while he is logged on but not providing a ride." *Id.* ¶ 38. Norton claims that, as a result, "Lyft fails to pay the minimum wage for all hours actually worked and instead limits his pay to a piece rate for each ride." *Id.* In addition, Norton alleges that he spent his own money to drive for Lyft, including on car maintenance and repairs, vehicle financing, and for car insurance. *Id.* ¶ 8.

On March 15, 2019, Norton filed his complaint in federal court. On June 17, 2019, Lyft filed a motion to compel arbitration, as well as a motion to dismiss Norton's complaint, in its

2
DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No. 3:19-cv-02025-VC

1332129

entirety. Norton voluntarily amended his complaint, though the amended complaint fails to address at least two dispositive deficiencies that Lyft identified in its previous motion to dismiss. *See* Dkt. No. 20. In his amended complaint, Norton asserts seven causes of action for: unpaid minimum and overtime wages in violation of the FLSA, 29 U.S.C. §§ 206–207, the California Labor Code, and Wage Order 9; failure to reimburse for work-related expenses; improperly itemized wage statements; and for unfair business practices under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200.

## IV.   LEGAL STANDARD

To survive a motion to dismiss under Federal Rule 12(b)(6), a plaintiff must plead facts showing that his "right to relief [rises] above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While the Court must accept material ***factual*** allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and pleadings that are "no more than conclusions, are not entitled to the assumption of truth." *Id.* at 678, 679.  Furthermore, the Court need not accept the truth of any allegations that are contradicted by matters properly subject to judicial notice or by exhibits attached to the complaint.  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  Finally, dismissal is proper if the complaint lacks "a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## V.   ARGUMENT

### A.   Norton's wage claims fail: he does not allege a precise theory of "work" in his amended complaint, or any other specific facts sufficient to show plausibility.

Norton does not satisfy at least two pleading elements that courts have identified as necessary and sufficient under *Landers* to state a plausible claim for unpaid overtime or

3
DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No. 3:19-cv-02025-VC

1332129

minimum wages.[3]  *See* 771 F.3d at 644–46.  For either of these reasons, his federal and California law wage claims should be dismissed.

***First*,** Norton must plead a precise theory of work in the complaint—i.e., whether he is "working" whenever he is logged into the Lyft platform or "working" only when he is actually driving Lyft passengers—and if it is the former, Norton must explain why Lyft should pay him for time when he's not actually transporting Lyft passengers. Despite voluntarily amending his complaint, Norton has not remedied this deficiency.

It consequently remains unclear what time Norton believes is compensable.  Norton first pleads that Lyft should pay him for all time spent logged into the Lyft platform—he alleges that "although Lyft suffers or permits Plaintiff to log on to the Lyft App and make himself available to pick up rides, Lyft fails to pay him while he is logged on but not providing a ride."  FAC ¶ 38. "In this way," Norton argues, "Lyft fails to pay the minimum wage for all hours actually worked and instead limits his pay to a piece rate for each ride." *Id.*  But then, Plaintiff takes the opposite approach, and pleads in the alternative that his hours worked could be limited to driving time, only: "Even limiting the calculation of minimum wage to the hours Plaintiff **is engaged in providing a ride**, Lyft fails to pay him a minimum wage for all hours worked." *Id.*

Either way, Plaintiff's theory of work is not sufficiently precise to advance beyond the pleading stage. Norton's first premise—that Lyft owes him for all time spent logged into the Lyft application—fails because Norton doesn't explain why Lyft should pay him for time that he wasn't actually transporting Lyft passengers.  In *Tan v. GrubHub*, Judge Corley dismissed the plaintiff drivers' wage claims for precisely this reason.  *See* 171 F. Supp. 3d at 1008–10.  In doing so, she explained that an employer's obligation to compensate drivers for "on call" or "standby" time requires a fact specific inquiry "focused on the extent of the employer's control."

---

[3] The *Landers* court noted that this reasoning applied "with equal force to Landers's minimum wage claims."  771 F.3d at 645 n.1. *Landers* also governs the pleading requirements for unpaid wage claims brought under California law. *Romano v. SCI Direct, Inc.*, No. 2:17-cv-03537-ODW(JEM), 2017 WL 8292778, at *3 (C.D. Cal. Nov. 27, 2017); *Tan*, 171 F. Supp. 3d at 1006 (collecting cases); *see also Raphael v. Tesoro Ref. & Mktg. Co. LLC*, No. 15-cv-02862-ODW, 2015 WL 4127905, at *2 (C.D. Cal. July 8, 2015).

4
DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No. 3:19-cv-02025-VC

1332129

*Id.* She reasoned that **"[a]bsent allegations about the number and timing of assignments, geographical restrictions, and what happens when a driver does not accept an assignment,"** which Norton likewise fails to state, there was no "**factual basis to support a plausible inference that drivers could not engage in personal activities during their shifts and thus that their entire shifts were compensable.**" *Id.* at 1010.

Judge Chen reached the same result in *Yucesoy v. Uber Techs., Inc.*, 2016 WL 493189, at *5–6. As in *Tan*, the court in *Yucesoy* explained that the waiting time test requires a "fact-specific inquiry that looks [at] the degree to which an employee is free to engage in personal activities." *Id.* While the *Yucesoy* plaintiffs had generally alleged that Uber "required" them to "accept most" ride requests to avoid deactivation, the court found that the plaintiffs did not "explain how often these [ride] requests came in, how many of the requests they must accept, and the magnitude of the risk of deactivation if requests are not accepted." *Id.* The court concluded that, in the absence of such allegations, it was "unclear what ability drivers have to conduct personal business while logged onto the app." *Id.* Concluding that the plaintiffs should at least have information regarding the number of received ride requests and the "stated risk of termination" for declining rides, the court dismissed the drivers' wage claims, with prejudice. *Id.*

This same analysis applies here—as in *Tan* and *Yucesoy*, Norton fails to set forth "allegations that give context to the waiting time," including facts showing that Lyft prevented Norton from conducting personal business while logged into its platform. *See Tan*, 171 F. Supp. 3d at 1009. Indeed, Plaintiff here pleads **fewer** facts relative to the plaintiffs in *Tan* and *Yucesoy*; Norton fails, for example, to allege any risks arising from alleged deactivation if he didn't accept a requisite number of rides. Norton also fails to allege that Lyft imposed geographical restrictions that would prevent him from returning home or running errands, or that Lyft imposed any other driving time requirements. Norton doesn't even plead the total number of ride requests that he received. So even if it is possible that Norton's waiting time is compensable, "it is not

5
DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No. 3:19-cv-02025-VC

1332129

yet plausible" that Lyft should pay him for this time.  *Id.*; *see Yucesoy v. Uber Techs., Inc.*, 2016 WL 493189, at *5–6.[4]  This Court should dismiss his wage claims.

*Second*, under any theory of work, Norton does not assert specific facts that *Landers* articulated as necessary and sufficient for establishing a plausible unpaid wage claim.  In *Landers*, the Ninth Circuit explained that, to raise more than possibility of undercompensation, a plaintiff must include specific facts in the complaint "estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed," or "any other facts that will permit the court to find plausibility."  771 F.3d at 645.

Norton fails this standard – he does not allege an average rate of pay, how he computed his pay, or an overall amount that Lyft owes him. Norton does not need to assert all of these facts to state a plausible claim, nor must he do so with "mathematical precision."  *Landers*, 771 F.3d at 646. But his complaint must include *some* of these facts, and it includes none of them.  *See id.* Numerous courts in this district, including this one, have dismissed wage claims brought by driver plaintiffs on this basis, which likewise applies here with equal force.  *See Whitson*, No. 3:18-cv-06539-VC, Dkt. No. 40 (granting Lyft's substantively similar motion to dismiss "for the reasons discussed at the hearing," which included the plaintiff's failure to allege specific facts, like his average rate of pay); *Yucesoy v. Uber Techs., Inc.*, 2015 WL 6955140, at *3–4 (dismissing claims where drivers for Uber failed to specify  how their hourly amount was calculated); *Carter*, 2017 WL 4098858, at *3 (granting Uber's motion to dismiss where plaintiff drivers failed to explain how they calculated their wage figures, their hours worked, or their related hourly rate of pay).

---

[4] Since this Court's ruling granting Lyft's motion to dismiss in *Whitson*, additional courts have adopted this reasoning. *See, e.g.*, *Alabsi v. Savoya, LLC*, 18-CV-06510-KAW, 2019 WL 1332191, at *17 (N.D. Cal. Mar. 25, 2019) (dismissing the plaintiff's complaint because he failed to adequately specify his theory of work, including whether, in addition to his hours spent driving, he considered as compensable time "checking for referrals and checking personalized text messages").

6
DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No. 3:19-cv-02025-VC

1332129

Though Norton may contend that his amended complaint satisfies *Landers* by alleging particular workweeks, he is incorrect. Specifying weeks is necessary but not sufficient to state a plausible unpaid wage claim in this context. Weeks alone do not tell the Court or Lyft anything about how Norton arrived at the conclusion that he was underpaid. That's why the court in *Yucesoy* dismissed the plaintiff's unpaid wage claim despite that he specified "the week of June 16, 2015" as a week in which he received less than minimum wage "for his work driving for Uber." 2015 WL 6955140, at *3–4. The *Tan* court also dismissed the plaintiffs' unpaid wage claim despite the allegation that one plaintiff drove for Grubhub "the week of November 30, 2015" and was underpaid. *See* 171 F. Supp. 3d at 1004, 1007–08. Norton must assert additional facts about the "period of time or type of conduct" to state a plausible claim, including for instance, how many total hours he worked, his average rate of pay, how he calculated his wages, or how much he believes Lyft owes him. *Id.* at 1008.

### B. This Court should decline to exercise supplemental jurisdiction over Norton's state law claims if it dismisses his FLSA claim.

After dismissing the FLSA claim, this Court should decline to exercise supplemental jurisdiction over Norton's state law claims. Under 28 U.S.C. § 1367(c)(3), "[a] district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010). The Supreme Court has stated, in no uncertain terms:

> [I]n the *usual case* in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). In particular, a federal court will relinquish jurisdiction where "state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." *Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966).

Norton's lawsuit is the "usual case" in which courts decline jurisdiction. *Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7. As pleaded, federal jurisdiction over Norton's complaint

7
DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No. 3:19-cv-02025-VC

1332129

arises only under 28 U.S.C. § 1331. *See* FAC ¶ 3. Once Norton's FLSA claim is eliminated, all of the pertinent factors favor relinquishing jurisdiction: California law provides the basis for each of Norton's remaining causes of action, and California law supplies the remedy for each form of relief requested. Norton looks to redress only claims that he himself experienced in California. Any issues of proof, and the scope of the asserted claims, are cabined to this state. Norton has not presented "any extraordinary or unusual circumstances suggesting that the court should retain jurisdiction." *See, e.g.*, *Syed v. M-I LLC*, No. Civ. 1:14-742 WBS, 2014 WL 4344746, at *4 (E.D. Cal. Aug. 28, 2014). Indeed, numerous courts have declined jurisdiction where, as here, the plaintiff's inadequately pled FLSA claim is the only claim over which the court has original jurisdiction. *See, e.g.*, *Levert v. Trump Ruffin Tower I, LLC*, No. 2:14-cv-01009-RCJ-CWH, 2015 WL 133792, at *5 (D. Nev. Jan. 9, 2015).[5] To conserve the Court's time and resources, and in due deference to the courts of this state, Norton's action should be dismissed in its entirety.

### C. If the Court chooses to exercise jurisdiction, it should dismiss Norton's state law causes of action for failure to state a claim.

Norton fails to state cognizable claims under the California Labor Code, various California Wage Orders, and the UCL.

#### 1. The minimum wage and overtime wage claims fail.

As referenced in Section V.A of this motion, Norton's California Labor Code claims cannot proceed under *Landers*. For the same reasons set forth above, Norton does not—as he must—plead a theory of "work" and specific facts, including an hourly rate of pay and corresponding calculations, that would render his wage claim at least comprehensible. *See Romano*, 2017 WL 8292778, at *3–4 (applying *Landers* to dismiss plaintiffs' state law claim for

---

[5] To be sure, the Court can decline to exercise supplemental jurisdiction over the state law claim even if it dismisses Norton's FLSA claim without prejudice. incorrect. *See Levert*, 2015 WL 133792, at *5; *Heck v. Heavenly Couture, Inc.*, No. 3:17-CV-0168-CAB-NLS, 2017 WL 2620686, at *3 (S.D. Cal. June 16, 2017); *Portillo v. Sarneveslit*, No. C08-00190 HRL, 2009 WL 10692059, at *3 (N.D. Cal. Feb. 11, 2009).

unpaid overtime and minimum wages); *Tan*, 171 F. Supp. 3d at 1008 (same).  Norton's failure to articulate basic facts is fatal.

### 2. The expense reimbursement claim fails.

Norton's claim for reimbursement suffers from similar factual deficits.  Norton alleges that he was required to incur "expenses that include mileage costs; car insurance; cell phone service to perform his driving duties, receive driving requests, and maintain required email and/or text message contact with Lyft; car cleaning and repair to comply with Lyft requirements; and water, snacks, and/or other supplies for riders, among other expenses." FAC ¶ 67; *see also id.* ¶ 8.  But Norton does not identify when he incurred these costs, and why Lyft is responsible for these expenses, which are primarily attributable to Plaintiff's personal driving time. For instance, though Plaintiff asserts that he spent "$528 per month to finance the cost of his vehicle," he does not explain why **Lyft** must reimburse him for this cost.  *See id.* ¶ 8.  These costs more likely stemmed from Plaintiff's personal driving time, rather than the time he spent transporting Lyft passengers.  So too with the other amounts that Plaintiff specifies in the complaint, including his purported expense of "$160 per month for car insurance." *Id.*  Even if Norton's reimbursement claim is possible, it is far from plausible, and should be dismissed.

### 3. The wage statement claim fails.

In his wage statement claim, Norton alleges that he received wage statements from Lyft that did "not clearly itemize hours worked, an hourly wage, overtime, or earnings in a way that Plaintiff can readily identify whether he received all applicable pay for which he was eligible." FAC ¶ 73; *see also id.* ¶ 40. This claim fails because Norton cannot satisfy the requirement to plead that Lyft acted "knowingly and intentionally."

An alleged employer has not acted knowingly or intentionally to violate § 226(a) if there is "a good faith dispute" as to whether a wage statement is required.  *See* Cal. Code Regs. Tit. 8 § 13520; *see also Woods v. Vector Mktg. Corp.*, No. C-14-0264-EMC, 2015 WL 2453202, at *2 (N.D. Cal. May 22, 2015) (Chen, J.) ("The 'good faith dispute' rule [in Cal. Code Regs. Tit. 8 § 13520] has been extended by courts to apply to California Labor Code Section 226 wage

9
DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT
Case No. 3:19-cv-02025-VC

1332129

statement penalties.").[6]  Accordingly, where an alleged employer presents a defense "based in law," or even where there is "uncertainty in the law," the "knowing and intentional" element of § 226 cannot be satisfied.  *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1201–04 (2008); *see also id.* at 1174, 1195, 1219 (applying "good faith" defense to § 226 claim); *Diaz v. Grill Concepts Servs., Inc.*, 23 Cal. App. 5th 859, 868 (2018) (holding that a finding of willfulness is precluded if there is "uncertainty in the law" or the employer has a "good faith mistaken belief . . . grounded in a good faith dispute, *which exists when* the employer presents a defense, based in law or fact which, if successful, would preclude any recovery on the part of the employee").

Norton does not—and cannot—plead facts demonstrating that Lyft acted knowingly and intentionally in violating § 226.  When Lyft and similar platforms launched, they created a new paradigm for connecting drivers with people who need rides.  The traditional common law test discussed in *S. G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, focused on whether the employer had the "right to control the manner and means of accomplishing the result desired." 48 Cal. 3d 341, 350 (1989).  Under that test, no published California decision has held that the drivers using the Lyft platform (or any similar platform) are "employees."  In fact, Judge Corley held this year, under the *Borello* test, that a driver using the GrubHub platform (which connects delivery drivers using their own vehicles with people seeking food deliveries) was not an employee of GrubHub.  *See Lawson v. Grubhub, Inc.*, 302 F. Supp. 3d 1071, 1072 (N.D. Cal. 2018); *see also Razak v. Uber Techs., Inc.*, No. CV 16-573, 2018 WL 1744467, at *16 (E.D. Pa. Apr. 11, 2018) (in an Uber platform case, holding that "'the degree of the alleged employer's right to control the manner in which the work is to be performed'—weighs heavily in favor of 'independent contractor' status").  Given the new model created by platforms like Lyft, it has

---

[6] *See also Boyd v. Bank of Am. Corp.*, 109 F. Supp. 3d 1273, 1308–09 (C.D. Cal. 2015); *Pedroza v. PetSmart, Inc.*, No. ED CV 11-298 GHK DTB, 2012 WL 9506073, at *4–6 (C.D. Cal. June 14, 2012); *Harris v. Vector Mktg. Corp.*, 656 F. Supp. 2d 1128, 1145–46 (N.D. Cal. 2009); *Reber v. AIMCO*, No. SA CV07–0607 DOC (RZx), 2008 WL 4384147, at *9 (C.D. Cal. Aug. 25, 2008).

1332129

never been "clear" that the *Borello* "right to control" test requires a finding that drivers using the Lyft Platform are employees.  Plus, Lyft could reasonably rely on cases like *Lawson* and *Razak* when deciding not to classify drivers using the Lyft Platform as employees.  *See Amaral*, 163 Cal. App. 4th at 1201 (indicating that existence of supporting court decisions prevents a willfulness finding).

The California Supreme Court's recent decision in *Dynamex* does not alter this analysis.  Indeed, the California Court of Appeal has held that the *Dynamex* ABC test does not apply to claims under the Labor Code like this one.  *See Garcia v. Border Transp. Grp., LLC*, 28 Cal. App. 5th 558, 571–572 (2018) (explaining that statutory purposes compelling application of the ABC test to wage order claims do not compel application of that test to *non*-wage order claims) (citing *Dynamex Operations West v. Super. Ct.*, 4 Cal. 5th 903 (2018)).  But even if the *Dynamex* standard were to apply, the ABC test has not yet been applied in California courts—so it is, at the very least, unclear whether drivers using the Lyft Platform would be found to be employees under that test.  Accordingly, Plaintiff cannot satisfy the "knowing and intentional" requirement of § 226(e).

### 4.     Norton's UCL claim is derivative of his FLSA and Labor Code claims and must be dismissed with them.

Norton's UCL claim is entirely derivative of his FLSA and Labor Code claims.  *See* FAC ¶¶ 75–89.  As such, the UCL claim must be dismissed insofar as the underlying predicate claims are dismissed.  *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1182 (9th Cir. 2003).

If Norton contends that he has also asserted non-derivative UCL liability under the statute's unfairness or fraud prongs, he is incorrect.  He has failed to identify an independent legal violation constituting unfairness and has failed to plead fraud with specificity or with allegations of reliance.  *See, e.g.*, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1100, 1103 (9th Cir. 2003) (plaintiffs asserting claims sounding in fraud must comply with Rule 9(b)'s heightened pleading requirement).  Norton's UCL claim accordingly falls with his other deficient allegations.

11
DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No. 3:19-cv-02025-VC

1332129

## VI. CONCLUSION

For the foregoing reasons, Lyft respectfully requests that the Court dismiss this action in its entirety.

Dated: July 22, 2019                                     KEKER, VAN NEST & PETERS LLP

                                                              By:   */s/ R. James Slaughter*
                                                                       R. JAMES SLAUGHTER
                                                                       ERIN E. MEYER

                                                                       Attorneys for Defendant LYFT, INC.

12
DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No. 3:19-cv-02025-VC

1332129